IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-3271-N |
| USAI LP, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM ORDER AND ORDER**

This Order addresses Plaintiff Covington Specialty Insurance Company's ("Covington") motion for summary judgment [35]. For the following reasons, the Court denies the motion.

**I. ORIGINS OF THE DISPUTE**

This suit arises out of a dispute regarding Covington's duty to defend and duty to indemnify Defendants USAI, LP ("USAI") and Lara Briggs-Tafel, J.D. ("Briggs") (collectively, "Defendants") in an underlying wrongful death action. In the underlying suit, the plaintiffs filed negligence per se, negligence, premises liability, and wrongful death claims against Defendants after the decedent passed while working security at Defendants' property. App. Pl.'s Mot. Summ. J. ("Pl.'s App.") 18, 31–37 [37]. On the day of the incident, the decedent was working as a private security guard at a property in Highland Park, Texas. *Id.* at 18. While patrolling the property, the decedent kept watch from inside his vehicle. *Id.* at 21. Then, a thunderstorm passed through the area. *Id.* The storm caused

MEMORANDUM OPINION AND ORDER – PAGE 1

a nearby stream to rise. *Id.* at 22. The petition in the underlying lawsuit alleges that the floodwaters engulfed the decedent and his vehicle, and as the decedent escaped the vehicle, the floodwaters swept the decedent and his vehicle into the creek. *Id.*

Prior to the incident, Covington issued a commercial general liability policy of insurance. The policy includes a $1,000,000 limit per occurrence and $2,000,000 general aggregate limit. The policy covers bodily injuries and property damages, but it excludes bodily injury or property damage "arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft." *Id.* at 212. The policy defines "auto" as "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or . . . [a]ny other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged." *Id.* at 203.

Covington seeks a declaratory judgment that it has no duty to defend or indemnify Defendants under its policy. Covington argues that the auto exclusion applies and negates its duties because the decedent's death arose out of the use of his vehicle.

## II. LEGAL STANDARDS

### A. *Legal Standard for Summary Judgment*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v.*

MEMORANDUM OPINION AND ORDER – PAGE 2

*Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the Court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense.  *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in her favor.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Moreover, a nonmovant does not satisfy her burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotations and citations omitted).  Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing

MEMORANDUM OPINION AND ORDER – PAGE 3

*McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B. Legal Standard for an Insurer's Duty to Defend

When determining whether an insurer has a duty to defend under Texas law, courts should follow the "eight-corners rule." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). "The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from terms of the policy and the pleadings of the third-party claimant." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). "Resort to evidence outside the four corners of these two documents is generally prohibited." *Id.* "The duty to defend does not depend upon the truth or falsity of the allegations." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008). An insurer's duty to defend is usually invoked with a plaintiff's factual allegations that potentially support a covered claim. *Id.* Courts are to construe allegations in the pleadings liberally and resolve all doubts in favor of the insured. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *see also Gore Design Completions, Ltd.*, 538 F.3d at 369 ("When in doubt, defend.").

The insured has the burden to establish coverage under the policy. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). But if the insured establishes coverage, then to avoid liability, the insurer has the burden to prove that the loss falls within an exclusion under the policy. *Id.* "[W]hen the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from

MEMORANDUM OPINION AND ORDER – PAGE 4

coverage, there is no duty to defend." *Gore Design Completions, Ltd.*, 538 F.3d at 370 (internal quotations and citations omitted). But the burden of proving that the exclusion applies rests with the insurance company. TEX. INS. CODE § 554.002.

### C. Legal Standard for an Insurer's Duty to Indemnify

The duty to indemnify is based on the actual facts developed in the underlying suit, rather than the factual allegations in the pleadings. *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). While "the duty to indemnify is generally not ascertainable until after the insured has been held liable, it is justiciable prior to a finding of liability when the same reasons negating the duty to defend also negate any duty to indemnify." *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858–59 (5th Cir. 2006).

### III. THE COURT DENIES COVINGTON'S MOTION

The Court holds that Covington failed to meet its burden to establish that the incident falls within the policy's auto exclusion, and the Court determines that the issue of Covington's duty to indemnify is not ripe.

As a preliminary matter, the Court assumes, without deciding, that Defendants are covered under the insurance policy. Covington's sole issue for summary judgment is whether the auto exclusion negates its duty to defend and duty to indemnify. Covington does not move for judgment regarding Brigg's status as an insured, so the Court only evaluates the application of the policy's auto exclusion. *See* Covington's Mot. 1 n.1.

### A. The Court Holds Covington Failed to Establish that the Auto Exclusion Applies

Covington argues that the policy's auto exclusion applies because the decedent's bodily injuries arose out of or resulted from the use of his vehicle. Covington's Mot. 6. Specifically, the policy excludes "'[b]odily injury' or 'property damage' arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft." Pl.'s App. 212.

Use, as defined by Texas courts, means "to put or bring into action or service; to employ for or apply to a given purpose." *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). "Texas courts define use broadly: the phrase arising from use is treated as being a general catchall designed and construed to include all *proper* uses of the vehicle not falling within other terms of definition." *Lincoln Gen. Ins. Co.*, 468 F.3d at 859 (internal quotations and citations omitted). In order for liability to arise out of the use of a vehicle, a causal connection or relation must exist between the accident and the use of the vehicle. *Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999).

The Supreme Court of Texas adopted a set of factors for courts to consider when determining whether an injury arises out of the use of a vehicle for the purposes of insurance coverage:

> (1) the accident must have arisen out of the inherent nature of the automobile, as such, (2) the accident must have arisen within the natural territorial limits of an automobile, and the actual use must not have terminated, (3) the automobile must not merely contribute to cause the condition which produces the injury, but must itself produce the injury.

*Id.* at 157 (internal quotations and citations omitted).

MEMORANDUM OPINION AND ORDER – PAGE 6

To be a producing cause, "the use must have been a substantial factor in bring[ing] about the injury, which would not otherwise have occurred. *Lancer Ins. Co. v. Garcia Holiday Tours*, 345 S.W.3d 50, 57 (Tex. 2011). But "the mere fact that an automobile is the situs of the accident is not enough to establish the necessary nexus between the use and the accident to warrant the conclusion that the accident resulted from such use." *Mid-Century Ins. Co. of Tex.*, 997 S.W.2d at 157 (internal quotations and citations omitted). If the incident could have occurred anywhere, then the casual connection to the vehicle's use is likely too remote to invoke coverage. *Lancer Ins. Co.*, 345 S.W.3 at 56–57.

Here, the Court holds that Covington did not establish as a matter of law that the auto exclusion applies. First, the Court determines that Covington failed to show that the incident occurred within the territorial limits of the vehicle. The petition in the underlying suit states that the "floodwaters engulfed Decedent's vehicle. As the Decedent escaped the vehicle, floodwaters swept the vehicle and Decedent over the embarkment and into Turtle Creek." Pl.'s App. 22. The plaintiffs assert that the decedent exited the vehicle while the flood waters swept him away. *Id.* The allegations further state that rescue workers found the decedent's vehicle on July 5, 2016, and nearly two months later, they found the decedent's body in the Trinity River, three-and-a-half miles away from the property. *Id.* Covington argues that the decedent was trapped inside the vehicle and that he was swept away as he attempted to escape, which is sufficient to establish that the injury occurred within the territorial limits of the vehicle. Covington's Mot. 9. However, based on the factual allegations, it is unclear on this record whether he died in the vehicle and then was swept away or whether he exited the vehicle, was swept away, and then died outside the

MEMORANDUM OPINION AND ORDER – PAGE 7

territorial limits of the vehicle. Therefore, the Court holds that Covington failed to show there is no genuine issue of material fact regarding where he died.

Second, the Court holds that Covington did not sufficiently show that the vehicle was the producing cause of the decedent's death. The factual allegations assert that the decedent passed due to the flash flood waters that rose and swept him away. Pl.'s App. 22. While the decedent may have been inside the vehicle as the flood waters rose, the allegations assert that the flood waters, rather than the vehicle, swept the decedent away. *Id.* The fact that the decedent was in the vehicle when the water began to rise is insufficient to establish that the vehicle was the producing cause. Thus, based on the allegations in the underlying suit, the Court concludes that Covington did not meet its burden to establish that the vehicle was the producing cause of the injury.

Thus, the Court holds that Covington has not established as a matter of law that the decedent's death arose out of the use of his vehicle, and the Court rejects this exclusion as a basis to deny Covington's duty to defend.

### B. The Court Determines that the Duty-to-Indemnify Issue Is Not Ripe

Because the underlying lawsuit is still ongoing, the Court determines that the issue of whether Covington has a duty to indemnify is not ripe for adjudication at this time. *See Northfield Ins. Co. v. Loving Home Care*, 363 F.3d 523, 532 n.5 (5th Cir. 2004). Covington argues that the Court can determine Covington's duty to indemnify prior to the conclusion of the underlying lawsuit if the Court rules that Covington has no duty to defend and the same reasons negate its duty to indemnify. Pl.'s Reply Supp. Its Mot. Summ. J. ("Covington's Reply") 9 [44]. However, because the Court holds that Covington did not

MEMORANDUM OPINION AND ORDER – PAGE 8

establish that the auto exclusion applies, the Court concludes that it cannot rule on Covington's duty to indemnify at this stage of the proceedings.

## CONCLUSION

The Court determines that Covington failed to meet its burden to show that the auto exclusion applies. Accordingly, the Court denies Covington's motion for summary judgment.

Signed May 4, 2020.

_____
David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 9