IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-3271-N |
| USAI LP, *et al*, | § § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 56(f), the Court gave notice to the parties that it was considering granting summary judgment *sua sponte* on Plaintiff Covington Specialty Insurance Company's ("Covington") declaratory judgment claims on its duty to defend. *See* June 10, 2020 Order [52]. After considering the parties' response and reply [53], [56], the Court grants summary judgment for Defendants USAI, LP ("USAI") and Lara Briggs-Tafel, J.D. ("Briggs") (collectively, "Defendants") on Covington's duty to defend claims.

## I. ORIGINS OF THE DISPUTE

This suit arises out of a dispute regarding Covington's duty to defend and duty to indemnify Defendants in an underlying wrongful death action. In the underlying suit, the plaintiffs filed negligence per se, negligence, premises liability, and wrongful death claims against Defendants after the decedent passed while working security at Defendants' property. App. Pl.'s Mot. Summ. J. 18, 31–37 [37]. On the day of the incident, the

MEMORANDUM OPINION AND ORDER – PAGE 1

decedent was working as a private security guard at a property in Highland Park, Texas. *Id.* at 18. While patrolling the property, the decedent kept watch from inside his vehicle. *Id.* at 21. Then, a thunderstorm passed through the area. *Id.* The storm caused a nearby stream to rise. *Id.* at 22. The petition in the underlying lawsuit alleges that the floodwaters engulfed the decedent and his vehicle, and as the decedent escaped the vehicle, the floodwaters swept the decedent and his vehicle into the creek. *Id.* Prior to the incident, Covington issued a commercial general liability policy of insurance to Defendants. The policy includes a $1,000,000 limit per occurrence and $2,000,000 general aggregate limit. The policy covers bodily injuries and property damages, but it excludes bodily injury or property damage "arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft." *Id.* at 212. The policy defines "auto" as "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or . . . [a]ny other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged." *Id.* at 203.

Covington filed for summary judgment, seeking a declaratory judgment that it had no duty to defend or indemnify Defendants under its policy. The Court determined that the auto exclusion did not apply but determined that it was premature to rule on the issue of Covington's duty to indemnify prior to the resolution of the underlying lawsuit. Because Defendants did not file a motion for summary judgment, the Court did not enter final judgment on the duty to defend. Both parties believe there are no outstanding issues of fact warranting a trial on the duty to defend. *See* Joint Status Report [51]. In reliance on

MEMORANDUM OPINION AND ORDER – PAGE 2

the parties' joint status report, the Court proposed to render summary judgment under Federal Rule of Civil Procedure 56(f) for Defendants. Rule 56(f) permits a district court, after "giving notice and a reasonable time to respond," to grant summary judgment for a nonmovant. *See* FED. R. CIV. P. 56(f).

## II. LEGAL STANDARD FOR AN INSURER'S DUTY TO DEFEND

When determining whether an insurer has a duty to defend under Texas law, courts should follow the "eight-corners rule." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). "The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from terms of the policy and the pleadings of the third-party claimant." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). "Resort to evidence outside the four corners of these two documents is generally prohibited." *Id.* "The duty to defend does not depend upon the truth or falsity of the allegations." *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008). An insurer's duty to defend is usually invoked with a plaintiff's factual allegations that potentially support a covered claim. *Id.* Courts are to construe allegations in the pleadings liberally and resolve all doubts in favor of the insured. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997); *see also Gore Design Completions, Ltd.*, 538 F.3d at 369 ("When in doubt, defend.").

The insured has the burden to establish coverage under the policy. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). But if the insured establishes coverage, then to avoid liability, the insurer has the burden to prove that the

MEMORANDUM OPINION AND ORDER – PAGE 3

loss falls within an exclusion under the policy. *Id.* "[W]hen the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend." *Gore Design Completions, Ltd.*, 538 F.3d at 370 (internal quotations and citations omitted). But the burden of proving that the exclusion applies rests with the insurance company. TEX. INS. CODE § 554.002.

### III. THE COURT GRANTS SUMMARY JUDGMENT SUA SPONTE FOR DEFENDANTS

In its May 4, 2020 Order, the Court denied Covington's motion for summary judgment on the grounds that the auto exclusion of the relevant insurance policy did not apply. Covington argues that this was error. Specifically, Covington argues that (1) the Court erred in holding that the location of the injury was dispositive and (2) the Court erred by applying a "producing cause" rather than a "but for" causation test. Because the Court determines that Defendants are entitled to judgment as a matter of law and there is no genuine dispute of material fact, the Court grants summary judgment *sua sponte* for Defendants on Covington's declaratory judgment claims on its duty to defend.

As a preliminary matter, the Court notes that Briggs's status as an insured is still not in dispute. Thus, the only issue before the Court is whether the loss falls within an exclusion under the insurance policy. The burden of proving that an exclusion applies rests with the insurance company. TEX. INS. CODE § 554.005.

In its prior order, the Court applied the *Lindsey* factors to determine whether an injury arises out of the use of a vehicle for purposes of insurance coverage:

> (1) the accident must have arisen out of the inherent nature of the automobile, as such, (2) the accident must have arisen within the natural territorial limits of an automobile, and the actual use must not have terminated, (3) the

MEMORANDUM OPINION AND ORDER – PAGE 4

> automobile must not merely contribute to cause the condition which produces the injury, but must itself produce the injury.

*Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999).

The Court determined that Covington failed to meet its burden of proving that the auto exclusion applied. First, the Court held that Covington failed to show there is no genuine issue of material fact as to where decedent died. Second, the Court determined that Covington did not meet its burden of establishing that the vehicle was the producing cause of the injury.

Covington argues that the Court erred in holding that the location of the injury was dispositive. In its prior order, the Court denied Covington's motion for summary judgment because it was "unclear on the record whether [the decedent] died in the vehicle and then was swept away or whether he exited the vehicle, was swept away, and then died outside the territorial limits of the vehicle." *See* May 4, 2020 Order [45]. Because the Court was unable to determine where the decedent died, the Court held that Covington failed to show there is no genuine issue of material fact. The Court did not hold that decedent died outside the territorial limits of the vehicle, nor did the Court hold that the location of the decedent's death was dispositive. Rather, the Court determined that genuine issues of material fact regarding the location of the decedent's bodily injury remained. Because Covington had the burden of proving the auto exception applied, this genuine issue of material fact precluded summary judgment for Covington.

Covington argues, however, that the Court can determine the location of the accident, even if it cannot determine where decedent perished. Covington claims that the

MEMORANDUM OPINION AND ORDER – PAGE 5

relevant "accident" was decedent's "sitting post" in his vehicle during a flash flood. Covington cites *Lindsey*, *Mid-Continent Cas. Co. v. Glob. Enercom Mgmt., Inc.*, *Lincoln General Ins. Co. v. Aisha's Learning Center* for the proposition that an accident might arise within the territorial limits of an automobile despite the injury occurring outside of it. *Lindsey*, 997 S.W.2d 153; *Global Enercom*, 323 S.W.3d 151, 155 (Tex. 2010) ("In *Lindsey*, this factor was met even though the injury occurred in an adjacent vehicle."); *Lincoln*, 468 F.3d 857 (5th Cir. 2006). The Court agrees with this general proposition, but it does not follow that the "accident" was within the territorial limits of the vehicle.

In *Lindsey*, a child accidentally discharged a gun within the vehicle. 997 S.W.2d at 154. In *Global Enercom*, workers fell from a cell tower after a rope pulley system, the "auto," snapped.[1] 323 S.W.3d at 155. In *Lincoln*, a child sustained injury when left in an overheating vehicle. 468 F.3d at 860. In all three cases, the courts looked to the event that caused the injury, namely, the discharge of the gun, the snapping of the rope pulley, and the vehicle trapping heat.[2] The Court sees no reason to suggest that "sitting post during a flash flood" is the relevant injury-producing event as opposed to the more natural reasoning that the flash flood itself produced the injury. Should the Court accept the act of "sitting

---

[1] The court in *Global Enercom* noted that, because the term "auto" included "attached machinery and equipment" in the relevant insurance policy, the pulley system was part of the "auto." Thus, the workers, who were within the territorial limits of the pulley system attached to a truck, were within the territorial limits of the "auto."

[2] The *Lindsey* factors use the word "accident" because the relevant insurance policy covered damage caused by "bodily damage . . . caused by an accident." The Court understands the term "accident" in the *Lindsey* factors to refer to the injury-producing event. *See Lancer Ins. Co. v. Garcia Holiday Tours*, 345 S.W.3d 50, 55 (Tex. 2011) (referring to the "injury-producing accident" and "injury-producing event").

MEMORANDUM OPINION AND ORDER – PAGE 6

in a vehicle" during a dangerous event as the relevant location, the "accident" would always occur within the natural territorial limits of the vehicle.[3] The Court declines to apply this tautology to resolve *Lindsey* factor (2) in Covington's favor.

Second, Covington argues that the Court erred in applying a "producing cause" test rather than a "but for" causation test. Covington claims that the Court relied too heavily on *Lindsey*'s statement that "the automobile must not merely contribute to cause the condition which produce the injury, but must itself produce the injury." 997 S.W.2d at 156. Instead, Covington urges the Court to look to case law applying *Lindsey* rather than apply its factors literally. *Id.* (declining to utilize the factors as an absolute test). For instance, in *Global Enercom*, the court affirmatively cited a case applying "but for" causation when an insurance policy utilized "arising out of" language. 323 S.W. 3d at 156 (citing *Utica Nat' Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198 (Tex. 2004)). The Texas Supreme Court later stated that "it see[s] no significant difference between" the phrases "result from" and "arise out of." *Lancer Ins. Co. v. Garcia Holiday Tours*, 345 S.W.3d 50, 55 (Tex. 2011).

The Court notes that the Texas Supreme Court has suggested the use of a "but for" causal analysis in certain cases, while requiring "producing cause" in others. *Compare Utica Nat' Ins. Co.*, 141 S.W.3d 198 (applying "but for" causation) *with Lancer*, 345

---

[3] Sitting in a vehicle during a flash flood is dangerous. Sitting in a vehicle during any dangerous event is, of course, dangerous. However, the Court has not found a single case to support the proposition that sitting in a vehicle during a dangerous event should be viewed as the "injury-producing event" rather than the mere situs of the accident. *Lancer*, 345 S.W.3d at 55.

MEMORANDUM OPINION AND ORDER – PAGE 7

S.W.3d at 56–57 ("[T]he insured vehicle must not merely contribute to cause the condition which produces the injury, but must itself produce the injury."). In *Shore Chan Bragalone Depumpo LLP v. Greenwich Ins. Co.*, a federal district court distinguished these cases. 856 F. Supp. 2d 891, 898 (N.D. Tex. 2012) (Boyle, J.) (applying "but for causation" for professional liability insurance but noting that auto insurance required a "substantial factor"). "[T]he Texas Supreme Court found that, *when interpreting automobile insurance coverage*, the 'insured vehicle must not merely contribute to cause the condition . . . but must itself produce the injury,' rather than merely be the site of the injury." *Id.* (citing *Lancer*, 345 S.W.3d at 56) (emphasis added).

Thus, the Court did not err in its prior order when it determined that Covington failed to show that the vehicle was the producing cause of decedent's death. Moreover, the underlying petition fails to suggest that the vehicle was even a "but for" cause in decedent's death. In *Lancer*, the Texas Supreme Court held that transmission of disease within a bus did not fall within an auto policy because transmission of disease can occur anywhere, and the fact that it occurred within the vehicle was incidental. 345 S.W.3d at 58. Here, the connection between the vehicle and the injury is even more tenuous. The fact that decedent's bodily injury *might* have occurred within the vehicle is insufficient to establish that the vehicle played a causal role in decedent's death. Because the Court determines that Covington has failed to meet its burden of establishing that the "auto" exception applies, the Court grants summary judgment for Defendants.

## CONCLUSION

Because Covington has failed to meet its burden in proving that the "auto" exception applies, the Court grants summary judgment for Defendants USAI, LP and Lara Briggs-Tafel, J.D. (collectively, "Defendants") on Covington's declaratory judgment claims on its duty to defend. The Court stays the issue of Covington's duty to indemnify pending judgment in the underlying case.

Signed December 9, 2020.

_____
David C. Godbey
United States District Judge